# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **SHAWN L. STAFFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 12-CV-2253** |
| ) | |
| **DR. PAUL TALBOT and MARY MILLER,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#26) filed by Defendant Mary Miller. Plaintiff, Shawn L. Stafford, has not filed a Response to the Motion. This court has carefully considered Miller's arguments and the documents filed. Following this careful and thorough consideration, Miller's Motion for Summary Judgment (#26) is GRANTED.

## BACKGROUND

Plaintiff filed his pro se Complaint (#1) on September 27, 2012. Plaintiff alleged that, on December 3, 2010, Defendant Dr. Paul Talbot refused to renew a pain medication prescription despite years of fully documented need. Plaintiff alleged that, on December 10, 2010, he asked Miller to intervene and received no response. Plaintiff alleged that he suffered pain until March 28, 2011, when he was prescribed pain medication by P.A. Tindera. Plaintiff also alleged that Defendant Keith Anglin was given ample opportunity to act responsibly and refused. On January 25, 2013, this court entered an Order (#23) and, pursuant to Plaintiff's request, dismissed Anglin from this case with prejudice.

On February 27, 2013, Miller filed a Motion for Summary Judgment (#26) and a

Memorandum in Support (#27) with attached exhibits. Miller argued that, pursuant to the Prison Litigation Reform Act (PLRA) and 20 Ill. Adm. Code Section 504F, Plaintiff was required to exhaust his administrative remedies regarding his claim against Miller. Miller argued that Plaintiff failed to exhaust his administrative remedies. Miller attached documentation showing that the only grievance Plaintiff filed which complained about Miller was dated February 15, 2011 and stated that he tried to rectify "this issue" by appealing to Miller and received no reply. The grievance stated that the main thrust of the grievance was directed toward Dr. Talbot and mainly discussed Plaintiff's skin disorder and Dr. Talbot's refusal to continue prescribing "T-Gel" medicated shampoo for his condition. Miller argued that Plaintiff did not file a grievance against Miller regarding her failure to "intervene" in response to Plaintiff's alleged December 10, 2010 request concerning Dr. Talbot's refusal to renew Plaintiff's prescription for pain medication. Miller argued that Plaintiff therefore failed to submit and exhaust a grievance against her regarding the claim against her in this lawsuit. Miller argued that she is entitled to summary judgment on Plaintiff's claim against her. Miller cited case law authority in support of her arguments. Plaintiff has not filed a response to Miller's Motion for Summary Judgment and time allowed to do so has passed.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994).

However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge, 24 F.3d at 920.

## II. MOTION FOR SUMMARY JUDGMENT

In this case, Miller has attached documentation showing that Plaintiff's only grievance

against her did not raise the claim he alleged against her in his pro se Complaint.  Miller also cited pertinent case law authority in support of her argument that Plaintiff was required to exhaust his administrative remedies in order to proceed with his claim against her.  Following careful review, this court agrees with Miller that Plaintiff did not exhaust his administrative remedies regarding his claim against her and that she is entitled to summary judgment on Plaintiff's claim.

IT IS THEREFORE ORDERED THAT:

(1) Miller' Motion for Summary Judgment (#26) is GRANTED.  Judgment is entered in favor of Defendant Miller and against Plaintiff.

(2) Defendant Miller is terminated as a party in this action.

(3) This case remains scheduled for a telephone status conference on April 19, 2013, at 10:30 a.m.

ENTERED this 1st day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE