UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| SHAWN L. STAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-CV-2253 |
| | ) |
| DR. PAUL TALBOT and MARY MILLER, | ) |
| | ) |
| Defendants. | ) |

## OPINION

This case is before the court for ruling on the Motion for Summary Judgment (#26) filed by Defendant Mary Miller. This court has carefully considered Miller's arguments and the documents provided, Plaintiff's Response (#33) and Miller's Reply (#34). Following this careful and thorough consideration, Miller's Motion for Summary Judgment (#26) is GRANTED.

## BACKGROUND

Plaintiff filed his pro se Complaint (#1) on September 27, 2012. Plaintiff alleged that, on December 3, 2010, Defendant Dr. Paul Talbot refused to renew a pain medication prescription despite years of fully documented need. Plaintiff alleged that, on December 10, 2010, he asked Miller to intervene and received no response. Plaintiff alleged that he suffered pain through March 28, 2011, when he was prescribed pain medication by P.A. Tindera. Plaintiff alleged that Dr. Talbot again improperly refused to prescribe him pain medication around August 30, 2011. Plaintiff also alleged that Defendant Keith Anglin was given ample opportunity to act responsibly and refused. On January 25, 2013, this court entered an Order (#23) and, pursuant to Plaintiff's request, dismissed Anglin from this case

with prejudice.

On February 27, 2013, Miller filed a Motion for Summary Judgment (#26) and a Memorandum in Support (#27), with Exhibit A attached. On February 28, 2013, Miller filed a Motion for Leave to File Attachments (#29). Miller stated that she attached Exhibit A, the Affidavit of Gina Allen, to her Memorandum of Law. She stated that, due to clerical error, the attachments referenced in the Affidavit were not filed. Miller asked for leave to file the attachments to the Affidavit in support of her Motion for Summary Judgment. Miller attached the documents to the Motion for Leave. On February 28, 2013, this court granted the Motion for Leave (#29) and directed the clerk to file the documents attached to the Motion as attachments to Exhibit A, in support of the Motion for Summary Judgment.

Plaintiff's response to the Motion for Summary Judgment was due by March 25, 2013. No response was filed by that date and, on April 1, 2013, this court entered an Opinion (#32) which granted Miller's Motion for Summary Judgment.

Also on April 1, 2013, Plaintiff filed a Motion for Leave to File a Response (#31) and thoroughly explained his failure to file a response by the date due. This court entered a text order and granted Plaintiff's Motion (#31). The documents attached to Plaintiff's Motion were filed as his Response to Defendant Miller's Motion for Summary Judgment (#33). This court vacated its Opinion (#32) and allowed Miller until April 18, 2013 to file a Reply to Plaintiff's Response. On April 3, 2013, Miller filed her Reply (#34).

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (1994).

## II. MOTION FOR SUMMARY JUDGMENT

In her Motion for Summary Judgment, Miller argued that, pursuant to the Prison Litigation Reform Act (PLRA) and the Illinois Administrative Code, Plaintiff was required to exhaust his administrative remedies regarding his claim against Miller. Miller attached documentation showing that the only grievance Plaintiff filed which complained about Miller was dated February 15, 2011. The first paragraph of this grievance stated that Plaintiff wanted to "mention" that he tried to rectify "this issue" by appealing to Miller and received no reply. Plaintiff referred to "Exhibit 1," a letter dated December 10, 2010 that he had written to Miller. Plaintiff attached a copy of the letter to his grievance and to his Complaint. In the letter, Plaintiff discussed his skin condition that he had been controlling with medicated T-Gel. Plaintiff stated that Dr. Talbot refused to continue his prescription and told him to purchase dandruff shampoo from the commissary. Plaintiff stated that he tried to tell Dr. Talbot that he had tried that, as well as the dandruff shampoo Miller supplied, but Dr. Talbot would not listen to him. Plaintiff ended his letter to Miller by stating that his medical history shows a chronic need and by asking Miller to "intervene and right this wrong." Nowhere in Plaintiff's letter to Miller did he complain about Dr. Talbot refusing to renew his

prescription for pain medication.

Following the first paragraph of Plaintiff's February 15, 2011 grievance, Plaintiff stated that the "main thrust" of the grievance was directed toward Dr. Talbot. Plaintiff then recounted, at length, his problems with Dr. Talbot, first discussing Dr. Talbot's refusal to prescribe T-Gel medicated shampoo.

Based upon this documentation, Miller argued that Plaintiff did not file a grievance against Miller regarding her failure to "intervene" in response to Plaintiff's alleged December 10, 2010 request concerning Dr. Talbot's refusal to renew Plaintiff's prescription for pain medication. Miller argued that Plaintiff therefore failed to submit and exhaust a grievance regarding the claim against her in this lawsuit. Miller argued that she is entitled to summary judgment on Plaintiff's claim against her.

In his Response (#33), Plaintiff complained that Miller's Motion for Summary Judgment does not comply with Rule 56 of the Federal Rules of Civil Procedure or Rule 7.1 of the Local Rules of the Central District of Illinois. Plaintiff has asked this court to dismiss Miller's Motion for Summary Judgment because, in his view, she failed to adhere to procedural requirements, failed to support her factual positions, failed to present admissible evidence and failed to properly address a fact. This court concludes that Miller's Motion meets the applicable procedural requirements.[1] Rule 56(a) provides:

---

[1] This court concludes that, in arguing that Miller did not provide documentation for her positions, Plaintiff may be referring to Miller's clerical error in failing to initially attach the documentation to her Memorandum in Support (#27). However, this error was corrected the next day when this court granted her Motion for Leave (#29) and directed the clerk to attach the documents to the Memorandum in Support. This court concludes that Miller's Motion for Summary Judgment was adequately supported.

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). Local Rule 7.1(D)(1) sets out the requirements for a Motion for Summary Judgment. In this case, Miller included the required sections, Introduction, Undisputed Material Facts and Argument, in her Memorandum in Support. While Plaintiff seems to believe that filing a Memorandum in Support was a violation of the Local Rules, this court does not agree. This court concludes that Miller has complied with Local Rule 7.1(D)(1) by including the required sections. This court finds no violation of the Rule based upon the fact that they were included in a Memorandum in Support rather than in the actual Motion for Summary Judgment. In any case, the Seventh Circuit has recognized that district courts have discretion in requiring compliance with local rules and that litigants have no right to demand strict enforcement of local rules by district judges. Stevo v. Frasor, 662 F.3d 880, 887 (7th Cir. 2011).

As to the merits of Miller's Motion for Summary Judgment, Plaintiff has not disputed that he was required to exhaust his administrative remedies regarding his claim against Miller.[2] Plaintiff argues, however, that his letter to Miller asking her to intervene was "non-

---

[2] This court notes that the only issue before the court in ruling on the Motion for Summary Judgment is whether Plaintiff exhausted his administrative remedies regarding his

specific." In his Affidavit, Plaintiff stated that his December 10, 2010, request to Miller was "not specific on purpose" and he could "specify [his] needs in person." Plaintiff is apparently arguing that his February 15, 2011 grievance regarding Miller was general enough to include his claim that she refused to intervene regarding Dr. Talbot's failure to renew his prescription for pain medication. This court concludes that the grievance cannot be read that broadly.

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). The applicable statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. See Porter v. Nussle, 534 U.S. 516, 524-25

---

claim against Miller. In his Response, Plaintiff pointed out that he alleged in his Complaint that Miller provided an inaccurate statement in response to a grievance. This court agrees with Miller that this allegation relates to a later grievance, not the February 15, 2011 grievance. This court further agrees that this allegation is not relevant to the issue of exhaustion and does not concern his claim against Miller in the Complaint. This court additionally notes that, to the extent that Plaintiff may be arguing that this is an additional claim against Miller, there is no evidence that Plaintiff exhausted administrative remedies as to this claim.

(2002). "Prisoners must follow state rules about the time and content of grievances." Riccardo v. Rausch, 375 F.3d 521, 523-24 (7th Cir. 2004). Failure to do this means failure to exhaust available remedies. Riccardo, 375 F.3d at 524. The Illinois Administrative Code provides that the "grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Adm. Code 504.810(b); see also Maddox v. Love, 655 F.3d 709, 721 (7th Cir. 2011).

     This court recognizes that exhaustion is an affirmative defense with the burden of proof on defendants. Maddox, 655 F.3d at 720. This court concludes that Miller has met her burden to show that there is no genuine dispute of material fact regarding whether Plaintiff exhausted his administrative remedies regarding his claim that Miller failed to intervene when Dr. Talbot refused to renew his prescription for pain medication. This claim does not appear in Plaintiff's February 15, 2011 grievance. See Nelson v. Miller, 2007 WL 294276, at *6 (S.D. Ill. 2007) (plaintiff failed to exhaust administrative remedies where he failed to include the particular claim in his grievance). Plaintiff's argument that the grievance was "non-specific" and was meant to include this claim fails because, under Illinois law, the grievance must contain "factual details regarding each aspect of the offender's complaint." 20 Ill. Adm. Code 504.810(b); see also Buchanan v. Ramos, 2013 WL 1222304, at *5 (N.D. Ill. 2013) (summary judgment granted because no reasonable jury could conclude that the grievance alerted prison officials to prisoner's claim).

     Following careful review, this court agrees with Miller that Plaintiff did not exhaust his administrative remedies regarding his claim against her and that she is entitled to

summary judgment on Plaintiff's claim.

IT IS THEREFORE ORDERED THAT:

(1) Miller's Motion for Summary Judgment (#26) is GRANTED. Judgment is entered in favor of Defendant Miller and against Plaintiff.

(2) Defendant Miller is terminated as a party in this action.

(3) This case remains scheduled for a telephone status conference on April 19, 2013, at 10:30 a.m.

ENTERED this 12th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE